**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN J. STOCKTON,

    Plaintiff,                        Civil Action No. 05-CV-71941-DT

v.                                  HONORABLE PAUL D. BORMAN
                                      UNITED STATES DISTRICT COURT

SUSAN KOHLOFF,

    Defendant,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

**I. Introduction**

Before the Court is Plaintiff Kevin J. Stockton's civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is a state inmate currently confined at the Thumb Correctional Facility in Lapeer, Michigan. Plaintiff's complaint has been reviewed and is now dismissed without prejudice for failure to exhaust state administrative remedies pursuant to 42 U.S.C. § 1997e(a).

**II. Complaint**

Plaintiff's complaint alleges that the defendant, the assistant deputy warden at the Saginaw Correctional Facility in Freeland, Michigan, used false and inaccurate information to have plaintiff placed in protective custody and reclassified to administrative segregation, against his wishes. Plaintiff also claims that the defendant had him transferred to another prison where he has a known enemy. Plaintiff claims that the transfer was done in retaliation

1

for the exercise of his constitutional rights.  Plaintiff seeks injunctive and monetary relief.

### III.  Discussion

The complaint must be dismissed because plaintiff has failed to plead or to prove that he exhausted his administrative remedies.  42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1996 (PLRA), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

A prisoner filing a 42 U.S.C. § 1983 case involving prison conditions must allege and show that he or she has exhausted all available state administrative remedies. *Brown v. Toombs*, 139 F. 3d 1102, 1104 (6th Cir. 1998).  A prisoner who seeks monetary damages must complete the prison administrative process, even where that process may not offer the prisoner the specific remedy that he or she seeks. *Booth v. Churner,* 532 U.S. 731, 734 (2001).  Therefore, so long as a prison system has an administrative process that will review a prisoner's complaint, even when the prisoner seeks monetary damages, the prisoner must first exhaust his or her prison administrative remedies. *Id.*  The PLRA's exhaustion requirement applies to all prisoner lawsuits about prison life, whether they involve general circumstances or particular episodes, and regardless of whether the suit alleges excessive force or some other wrong. *Porter v. Nussle,* 534 U.S. 516, 532 (2002).

Federal courts may enforce the exhaustion requirement *sua sponte. Brown v. Toombs*, 139 F. 3d at 1104.  A prisoner may not amend his or her § 1983 complaint to cure a failure to plead the exhaustion of administrative remedies. *Baxter v. Rose,* 305 F. 3d 486, 487 (6th

2

Cir. 2002). Therefore, a prisoner's *pro se* § 1983 action is properly dismissed without prejudice in the absence of any indication in the complaint that the prisoner has properly exhausted his or her state administrative remedies as required by the PLRA. *Brown v. Toombs,* 139 F. 3d at 1104.

In order to effectuate the language contained in § 1997e(a), a prisoner must plead his or her claims with specificity and show that they have been exhausted by attaching a copy of the applicable dispositions to the complaint, or in the absence of any documentation, describe with specificity the administrative proceeding and its outcome. *Knuckles-El v. Toombs*, 215 F. 3d 640, 642 (6th Cir. 2000). In the absence of particularized averments concerning exhaustion which show the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e(a). *Id.*

In this case, plaintiff has neither attached any documentation showing that he has exhausted his administrative remedies with respect to the claims that he has alleged, nor has he pleaded with specificity the measures that he has taken to exhaust, or attempt to exhaust his remedies. Plaintiff's complaint has therefore not provided this Court with the particularized averments necessary for the Court to determine if his claims have been exhausted. Thus, plaintiff's complaint should be dismissed. *Knuckles-El v. Toombs*, 215 F. 3d at 642. In particular, compliance with the PLRA's exhaustion requirement requires that prisoners file a grievance against the person or persons whom they wish to sue. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). Without any evidence from plaintiff that he identified the defendant in any administrative proceedings or that he had exhausted his

administrative remedies with respect to her, plaintiff would be unable to establish with particularity that he had exhausted his available administrative remedies against this defendant in order to maintain this complaint against the defendant. *See Gibbs v. Bolden,* 151 F. Supp. 2d 854, 857 (E.D. Mich. 2001). Moreover, under what is known as "the total exhaustion rule", the presence of an unexhausted claim in a prisoner civil rights complaint requires the dismissal not just of the unexhausted claim, but of the entire action. *See Bey v. Johnson,* 407 F. 3d 801, 806-08 (6th Cir. 2005); *Chamberlain v. Overton,* 326 F. Supp. 2d 811, 816-18 (E.D. Mich. 2004). Without any evidence that plaintiff had exhausted his administrative remedies against the defendant with respect to every claim that he raises in this action, his complaint would be subject to dismissal.

## IV. ORDER

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED FOR FAILURE TO EXHAUST STATE ADMINISTRATIVE REMEDIES WITHOUT PREJUDICE**, pursuant to 42 U.S.C. § 1997e(a).

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 3, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 10, 2006.

s/Jonie Parker
Case Manager

4